# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-5764-JLS (SP) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Bruce Wanzo, Jr. v. Christian Pfeiffer | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Untimely**

On July 2, 2019, petitioner Bruce Wanzo, Jr. filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"), seeking to challenge convictions he incurred in 1990. The court has reviewed the Petition and, for the reasons discussed below, finds that the Petition appears to be barred by the one-year statute of limitations set forth in the Antiterrorrism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). The court will not make a final determination regarding whether the Petition should be dismissed, however, without giving petitioner an opportunity to address the timeliness of his Petition.

Petitioner also acknowledges his Petition is unexhausted, but claims his failure to exhaust is excused. A habeas petitioner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Although petitioner may also be barred from seeking federal habeas relief by a failure to exhaust, the court need not consider this issue further at this time because the Petition appears to be plainly, and extremely, untimely.

Accordingly, the court hereby directs petitioner to show cause why the Petition should not be dismissed as barred by AEDPA's one-year statute of limitations. Petitioner must respond to the Order to Show Cause in writing by no later than **August 19, 2019**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5764-JLS (SP) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Bruce Wanzo, Jr. v. Christian Pfeiffer | | |

## **AEDPA's One-Year Statute of Limitations**

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5764-JLS (SP) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Bruce Wanzo, Jr. v. Christian Pfeiffer | | |

    Here, by petitioner's account, he was convicted on June 29, 1990 of second-degree murder and second-degree attempted murder, with gun/great bodily injury allegations. Pet. at 1.[1] Petitioner was then sentenced to 29 years to life in prison on July 9, 1990. *Id.* Petitioner filed a direct appeal in the California Court of Appeal in case number B054589 on August 20, 1990.[2] *See* Pet. at 2. The Court of Appeal affirmed the trial court's judgment on April 30, 1992. *Id.* Petitioner indicates he did not seek further review by a higher state court. *Id.*

    Petitioner does not indicate whether he filed a petition for a writ of certiorari in the United States Supreme Court, but does indicate he has previously filed other petitions, applications, or motions in state court concerning his conviction. Pet. at 3. A search of the California Appellate Courts Case Information System indicates that petitioner recently filed a petition for resentencing in the Los Angeles County Superior Court, which was denied on February 8, 2019. Petitioner's appeal of the denial was then dismissed by the California Court of Appeal on June 17, 2019, in case number B297774, because it was not timely filed.

    Accordingly, the Court of Appeal affirmed petitioner's conviction on April 30, 1992, and because petitioner did not file a petition for review in the California Supreme Court, the judgment became final 40 days later, on June 9, 1992. *See* Cal. R. Ct. 8.366(b)(1) and 8.500(e)(1) (a Court of Appeal decision is final in that court 30 days after filing, and a petition for review in the California Supreme Court must be filed within 10 days after the Court of Appeal's decision becomes final). Under the normal one-year limitation period, petitioner's time for filing the instant petition would have expired one year after June 9, 1992, on June 9, 1993.

---

    [1]    Citations to page numbers in the Petition refer to those designated by CM/ECF.

    [2]    *See* California Appellate Courts Case Search, available at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2. The court takes judicial notice of the information presented in online state court dockets. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (the Ninth Circuit may properly take judicial notice of state court dockets and pleadings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5764-JLS (SP) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Bruce Wanzo, Jr. v. Christian Pfeiffer | | |

Petitioner claims the statute of limitations does not apply here because his conviction pre-dates AEDPA. Pet. at 5. Petitioner is mistaken. Although convictions that became final prior to AEDPA's effective date are given a one-year grace period after AEDPA's effective date, these convictions are still subject to the statutory limitation period. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). AEDPA became effective on April 24, 1996. *Id.* Because petitioner's conviction became final prior to AEDPA's effective date, applying the one-year grace period means petitioner's limitation period actually expired on April 24, 1997.

Although petitioner recently filed a petition for resentencing in state court, this did not toll the limitation period because the statute of limitations had long since expired. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (petitioner not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended"); *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) (to qualify for statutory tolling, "the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period"). Accordingly, it appears the limitation period here ended on April 24, 1997. Because petitioner did not file the instant petition until July 2, 2019, more than 22 years after the limitation period expired, the Petition appears to be untimely.

Petitioner suggests he is entitled to a later start date of the limitation period because a state-created impediment prevented him from filing a timely petition. Pet. at 5-7. Under 28 U.S.C. § 2244(d), the limitation period can begin running on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

Petitioner identifies the state-created impediment here as the state prosecutor, who petitioner claims is related to the murder victim, and used the case to exact revenge on petitioner. Pet. at 5-6, 10. Petitioner claims the prosecutor committed various forms of misconduct, including coercing witnesses, erasing records, and colluding with the Compton Police Department to purge evidence. *Id.*

The scope of state-created impediments that affect the statute of limitations within the meaning of § 2244(d)(1)(B) is limited. *See Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) ("[Petitioner] is entitled to the commencement of a new limitations period

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5764-JLS (SP) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Bruce Wanzo, Jr. v. Christian Pfeiffer | | |

under § 2244(d)(1)(B) only if his [difficulty in obtaining files and materials] altogether prevented him from presenting his claims in *any* form, to *any* court") (emphasis in original). In general, the case law on state-created impediments that affect the statute of limitations has been limited to the actions of prison officials who interfere with a prisoner's ability to file a habeas petition. *See Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (reviewing relevant case law).

Although petitioner claims various incidents of prosecutorial misconduct during his criminal trial, he does not explain how the prosecutor's actions "prevented him from presenting his claims in any form, to any court." Prosecutorial misconduct alone typically does not constitute a state-created impediment that creates a later start date for the limitation period. In particular, although petitioner asserts prosecutorial misconduct as a ground for habeas relief, he does not explain how this alleged misconduct prevented him from raising his claims earlier. Accordingly, it appears the instant Petition is untimely by more than 22 years.

## Petitioner's Options

If petitioner contends that his Petition is not time-barred, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **August 19, 2019**. Petitioner should attach to his response copies of any documents establishing that his Petition is not time-barred.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **August 19, 2019**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for being untimely, and/or for failure to obey court orders.**